JASON S. SHULL (*pro hac vice*)
jshull@bannerwitcoff.com
BANNER & WITCOFF, LTD.
Ten South Wacker Drive, Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

JASON DE BRETTEVILLE, State Bar No. 195069
jdebretteville@sycr.com
JUSTIN KLAEB, State Bar No. 254035
jklaeb@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Attorneys for Defendants
VOLVO CAR USA LLC,
GREY GLOBAL GROUP, INC.,
THE BIG PICTURE COMPANY,
1ST AVENUE MACHINE USA, INC.,
SCPS UNLIMITED, LLC, and
BOB PARTINGTON

HOWARD J. RUBIN (*pro hac vice*)
hrubin@dglaw.com
MARC J. RACHMAN (*pro hac vice*)
mrachman@dglaw.com
DEVIN A. KOTHARI (*pro hac vice*)
dkothari@dglaw.com
DAVIS & GILBERT LLP
1740 Broadway
New York, NY 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888

Attorneys for Defendants
VOLVO CAR USA LLC and
GREY GLOBAL GROUP, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

R. THOMAS CANNARELLA, an individual,

Plaintiff,

vs.

VOLVO CAR USA LLC, a Delaware limited liability company, GREY GLOBAL GROUP INC., a Delaware corporation, THE BIG PICTURE COMPANY, a Delaware corporation, 1ST AVENUE MACHINE USA, INC., a New York corporation, SCPS Unlimited, LLC, a California limited liability company, BOB PARTINGTON, an individual; and DOES 1-10,

Defendants.

CASE NO. 2:16-cv-06195-RSWL-JEM

Hon. Ronald S.W. Lew

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM IN SUPPORT THEREOF**

Complaint Filed: 08/17/16

Hearing Date: November 15, 2016
10:00 a.m.

Trial Date: None Set

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on November 15, 2016, at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 312 North Spring Street, Courtroom No. 21, Los Angeles, CA 90012, Defendants Volvo Car USA, LLC, Grey Global Group, Inc., The Big Picture Company, 1st Avenue Machine USA, Inc., SCPS Unlimited, LLC, and Bob Partington (collectively, "Defendants") hereby move to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Alternatively, Defendants move to strike portions of the Complaint pursuant to Fed. R. Civ. P. 12(f).

As explained in more detail in the accompanying Memorandum of Points and Authorities, Cannarella's false advertising claim is fatally flawed and should be dismissed for several reasons. First, Cannarella has failed to identify any false statement of fact by Defendants in a commercial advertisement about their own or another's product. Cannarella's false advertising claim is also fatally flawed because the "energy generation system" has never been sold or offered for sale by any of the parties. Moreover, to the extent Cannarella's Complaint identifies allegedly false statements about the "energy generation system," those statements are non-actionable under the Lanham Act, as explained below.

Second, Cannarella has failed to set forth anything other than conclusory allegations and legal conclusions to support his contentions that any allegedly false statements actually deceived, or had the tendency to deceive, a substantial segment of Volvo's audience for the commercial. Cannarella does not and cannot make any such allegations because the Volvo commercial expressly states to Volvo's audience that the energy generation system is "not available to the general public."

Third, Cannarella has failed to allege injury to a commercial interest associated with: (1) a direct diversion of sales from himself to Defendants; or (2) a lessening of the goodwill associated with his products. Cannarella does not and

cannot make any such allegations because neither the Defendants nor Cannarella have ever sold the energy generation system depicted in the Volvo commercial.

Fourth, even assuming *arguendo* that Cannarella has adequately alleged he has been or is likely to be injured, which he has not, Cannarella has failed to set forth sufficient factual allegations to establish a plausible causal connection between any harm that he suffered and Defendants' allegedly false statements.

Likewise, as explained in more detail in the accompanying Memorandum of Points and Authorities, Cannarella's patent claims are deficient and should be dismissed for several reasons. For example, Cannarella's patent infringement allegations consists of boilerplate language, and is devoid of the factual content necessary to support the essential elements of any claim for relief under the patent laws. Essentially, Cannarella has merely echoed the statutory language and the requirements of the now-abrogated Form 18. Cannarella's formulaic recitation of the elements of direct infringement fails to meet the pleadings standard established by *Twombly* and *Iqbal*.

Further, Cannarella's common law unfair competition and unjust enrichment claims should also be dismissed. As explained below, Cannarella's common law unfair competition claim rises and falls with his false advertising claim. Because his false advertising claim is deficient, so is his unfair competition claim. Also, his unjust enrichment claim should be dismissed because it preempted by federal patent law.

Finally, in the event the Court denies Defendants' Motion to Dismiss, which it should not, Defendants alternatively request that the Court strike Paragraphs 24-32 of Cannarella's Complaint because those paragraphs relate to the parties' inadmissible and irrelevant settlement discussions.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings, papers and

files herein, and such further arguments and evidence that are presented at or before or after the hearing on this matter.

Defendants notified Plaintiff of this Motion on September 2, 2016 and the parties conferred on September 7, 2016 regarding the Motion and Defendants' arguments made herein.

DATED: October 11, 2016

BANNER & WITCOFF, LTD.

By: */s/ Jason S. Shull*
Jason S. Shull (*pro hac vice*)

STRADLING YOCCA
CARLSON & RAUTH, P.C.
Jason de Bretteville
Justin Klaeb

Attorneys for Defendants
VOLVO CAR USA, LLC,
GREY GLOBAL GROUP, INC.,
THE BIG PICTURE
COMPANY, 1ST AVENUE
MACHINE USA, INC.,
SCPS UNLIMITED, LLC, and
BOB PARTINGTON

DAVIS & GILBERT LLP
Howard J. Rubin (*pro hac vice*)
Marc J. Rachman (*pro hac vice*)
Devin A. Kothari (*pro hac vice*)

Attorneys for Defendants
VOLVO CAR USA LLC and
GREY GLOBAL GROUP, INC.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................ 1
II. LEGAL STANDARD ........................................ 4
III. CANNARELLA'S FALSE ADVERTISING CLAIM SHOULD BE DISMISSED ........................................ 6
A. Cannarella Has Failed to Allege A False Statement Of Fact In A Commercial Advertisement About Defendants' Own Or Another's Product ........................................ 7
B. Cannarella Fails To Allege Factual Allegations That Statements Made By Defendants Actually Deceived Or Had The Tendency To Deceive A Substantial Segment Of Its Audience ........................................ 11
C. Cannarella Has Failed To Allege That He Has Been Or Is Likely To Be Injured As A Result Of Any Statement By Defendants ........................................ 11
IV. CANNARELLA'S PATENT CLAIMS SHOULD BE DISMISSED ........................................ 12
V. THE COURT SHOULD DISMISS CANNARELLA'S UNFAIR COMPETITION AND UNJUST ENRICHMENT CLAIMS ........................................ 15
VI. THE COURT SHOULD STIKE THE PORTIONS OF CANNARELLA'S COMPLAINT RELATING TO SETTLEMENT DISCUSSIONS ........................................ 17
VII. CONCLUSION ........................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4, 5, 12, 15

*Austin v. Cornell Univ.*,
891 F. Supp. 740 (N.D.N.Y. 1995) .......... 18

*Avalos v. IAC/lnteractivecorp.*,
No. 13-CV-8351(JMF), 2014 WL 5493242 (S.D.N.Y. Oct. 30, 2014) .......... 11, 12

*Baden Sports, Inc. v. Molten USA, Inc.*,
556 F.3d 1300 (Fed. Cir. 2009) .......... 9

*Bell Atlantic Corporation v. Twombly*,
550 U.S. 544 (2007) .......... 4, 5, 12, 15

*Boule v. Hutton*,
328 F.3d 84 (2d Cir. 2003) .......... 9

*Braman v. Woodfield Gardens Associates*,
715 F. Supp. 226 (N.D. Ill. 1989) .......... 18

*Cleary v. News Corp.*,
30F.3d 1255 (9th Cir.1994) .......... 16

*Cook, Perkiss, & Liehe. v. N. Cal. Collection Serv.*,
911 F.2d 242 (9th Cir. 1990) .......... 10

*Cosmos Jewelry, Ltd. v. Po Sun Hon Co.*,
No. 06–56338, 2009 WL 766517 (9th Cir. Mar. 24, 2009) .......... 16

*Defazio v. River City Brass Band, Inc.*,
2007 WL 3072257 (W.D. Pa. 2007) .......... 18

*Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*,
84 F.3d 1143 (9th Cir. 1996) .......... 16

*Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011) .......... 13, 14

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1990) .......... 6

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
695 F. Supp. 2d 680 (S.D. Ohio 2010) .......... 14

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) .......... 14

*Japan Telecom, Inc. v. Japan Telecom Am. Inc.*,
287 F.3d 866 (9th Cir. 2002) .......... 16

*Kelly v. L.L. Cool J.*,
145 F.R.D. 32 (S.D.N.Y. 1992) .......... 18

*Kibbie v. BPCitibank*,
2009 WL 2950365 (M.D. Pa. 2009) .......... 17

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) .......... 6

*Lyda v. CBS Corporation*,
Case No. 2015-1923 (Sept. 30, 2016 Fed. Cir.) .......... 15

*Mallinckrodt, Inc. v. E-Z-EM Inc.*,
670 F. Supp. 2d 349 (D. Del. 2009) .......... 14

*Mattel, Inc. v. MCA Records, Inc.*,
296 F.3d 894 (9th Cir. 2002) .......... 9

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827 (D. Del. Mar. 16, 2011) .......... 14

*Nat'l Servs. Grp. Inc. v. Painting and Decorating Contractors of Am., Inc.*,
No. 06–563–CJC (ANX), 2006 WL 2035465 (C.D. Cal. July 18, 2006) .......... 9

*Netgear, Inc. v. Ruckus Wireless, Inc.*,
852 F. Supp. 2d 470 (D. Del. 2012) .......... 13

*Newcal Indus., Inc. v. Ikon Office Solution*,
513 F.3d 1038 (9th Cir. 2008) .......... 7, 10

*RainDance Techs. Inc. v. 10x Genomics, Inc.*,
No. 15-cv-00152, Dkt. 28 (D. Del. Mar. 4, 2016) .......... 15

*Rios v. City of Del Rio, Tex.*,
444 F.3d. 417 (5th Cir. 2006) .......... 6

*Skydive Ariz., Inc. v. Quattrocchi*,
673 F.3d 1105 (9th Cir. 2012) .......... 7

*Southland Sod Farms v. Stover Seed Co.*,
108 F.3d 1134 (9th Cir. 1997) .......... 7, 10

*The Steak Umm Company, LLC v. Steak' Em, Inc.*,
Case No. 09-2857, 2009 U.S. Dist. LEXIS 101357 (Oct. 29, 2009 E.D. Pa.) .......... 17

*TrafficSchool.com, Inc. v. Edriver Inc.*,
653F.3d 820 (9th Cir. 2011) .......... 12

*TYR Sport, Inc. v. Warnaco Swimwear, Inc.*,
709 F.Supp.2d 802 (C.D. Cal. 2010) .......... 9

*Ultra-Precision Manufacturing, Ltd. v. Ford Motor Co.*,
411 F.3d. 1369 (Fed Cir. 2005) .......... 16

**STATUTES**

15 U.S.C. § 1125(a) .......... 7

California Business and Professions Code § 17200 .......... 16

**OTHER AUTHORITIES**

5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1363 (3d ed. 2004) .......... 6

Fed. R. Evid. 408 .......... 17

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 6, 2016, Defendants issued an internet advertisement for Volvo's XC90 T8 Twin Engine Hybrid vehicle. (*See* ECF 1, ¶23). As is readily apparent to any viewer of this commercial, the Volvo advertisement is intended to highlight the XC90's unique combination of high performance and environmentally-friendly design, and demonstrate the benefits of a hybrid luxury vehicle with a fully electric motor.

In order to generate interest in the environmental benefits of owning an XC90 vehicle, the Volvo commercial devised a stunt to demonstrate one of the many ways that the XC90's battery could be charged with an electric current. Specifically, Defendants retrofitted a portion of highway in California to generate electricity from car traffic. When cars drove over a portion of highway, the force of the vehicles would displace fluid placed underneath the road, thereby generating hydroelectricity that was transferred to a Volvo XC90 on the side of the highway. Over the course of an entire day, the XC90 received an electric charge using this system.

During the creation of the Volvo commercial, Defendants went through great pains to highlight that it was the vehicle, and not the charging system, that was being sold to consumers. Indeed, the charging system created for this advertisement was explicitly created for a single use; was not marketed to third parties; and has never been sold. What is more, the Volvo Commercial *expressly states* that the "[p]eristaltic pump energy capture system is not available to the general public."

(ECF 1, ¶ 23) (https://www.youtube.com/watch?v=c4x0w7juhtw) (annotated excerpt of commercial shown below).




The inescapable conclusion is thus that the Volvo advertisement was not advertising an alternative energy system in which it had no commercial interest, but instead advertising Volvo's own product: the Volvo XC90 Hybrid.

Notwithstanding the unmistakable signals that Defendants were not advertising an energy generation system, Plaintiff R. Thomas Cannarella filed a Complaint on August 17, 2016 focusing on the energy generation system depicted in the Volvo commercial. Plaintiff's Complaint, however, fundamentally misunderstands the Volvo commercial and is entirely without merit. For the reasons detailed below, each of Plaintiff's false advertising, patent infringement, unfair competition and unjust enrichment claims should therefore be dismissed.

With respect to his false advertising claim, Cannarella alleges that the Volvo commercial is a "false advertisement" purportedly "designed to deceive a substantial segment of consumers into believing that the Defendants have successfully made and used a peristaltic energy generation system that can reliably charge the Volvo XC90 T8 Twin Engine Hybrid." (ECF 1, ¶ 60.) Cannarella asserts his false advertising claim against the Defendants even though: (1) the

clean energy system depicted in the Volvo commercial has never been sold or offered for sale; and (2) Cannarella is a non-practicing entity, meaning that he has never made or sold any similar clean energy system. As explained in more detail in Section III below, Cannarella's false advertising claim is fatally flawed and should be dismissed for at least the following reasons:

First, Cannarella has failed to identify any false statement of fact by the defendant in a commercial advertisement about its own or another's product. Cannarella's false advertising claim is fatally flawed because the "energy generation system" has never been sold by any of the parties. The products promoted by the Volvo commercial and sold to the public are Volvo's XC90 automobile – not the clean energy device. Also, to the extent Cannarella's Complaint identifies any allegedly false statements relating to the "energy generation system," those statements do not pertain to the nature, characteristics, or qualities of the energy generation system and for that reason, among others, are non-actionable under the Lanham Act.

Second, Cannarella has failed to set forth anything other than conclusory allegations and legal conclusions to support his contentions that any allegedly false statements actually deceived, or had the tendency to deceive, a substantial segment of Volvo's audience for the commercial. Cannarella does not and cannot make any such allegations because the Volvo commercial makes clear to Volvo's audience that the energy generation system is "not available to the general public."

Third, Cannarella has failed to allege injury to a commercial interest associated with: (1) a direct diversion of sales from himself to Defendants; or (2) a lessening of the goodwill associated with his products. Cannarella does not and cannot make any such allegations because neither Defendants nor Cannarella have ever sold the energy generation system depicted in the Volvo commercial.

Fourth, even assuming *arguendo* that Cannarella has adequately alleged he has been or is likely to be injured, which he has not, Cannarella has failed to set

forth sufficient factual allegations to establish a plausible causal connection between any harm that he suffered and Defendants' allegedly false statements. Cannarella cannot make any such allegations because no Defendant has ever sold or offered for sale the energy generation system.

Despite the fact that the energy generation system has never been sold or offered for sale, Cannarella indiscriminately alleges that Defendants have infringed "one or more claims" of his asserted patent through direct infringement and contributory infringement. As explained in more detail in Section IV below, however, Cannarella's direct and contributory infringement claims are deficient and should be dismissed for several reasons. For example, Cannarella's patent infringement allegations consists of boilerplate language, and is devoid of the factual content necessary to support the essential elements of any claim for relief under the patent laws. Essentially, Cannarella has merely echoed the statutory language and the requirements of the now-abrogated Form 18. Cannarella's formulaic recitation of the elements of direct infringement fails to meet the pleadings standard established by *Twombly* and *Iqbal*.

Cannarella's common law unfair competition and unjust enrichment claims should also be dismissed. As explained below, Cannarella's common law unfair competition claim rises and falls with his false advertising claim. Because his false advertising claim is deficient, so is his unfair competition claim. Also, his unjust enrichment claim should be dismissed because it preempted by federal patent law.

Finally, in the event the Court denies Defendants' Motion to Dismiss, which it should not, Defendants alternatively request the Court to strike Paragraphs 24-32 of Cannarella's Complaint because those paragraphs relate to the parties' inadmissible and irrelevant settlement discussions.

## II. <u>LEGAL STANDARD</u>

Amendments to the Federal Rules of Civil Procedure that took effect on December 1, 2015 abrogated Rule 84, which provided that "[t]he forms in the

Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate" and the Appendix of Forms, including Form 18. The Supreme Court's Order accompanying the submission of the amendments to Congress stated that the amendments "shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Supreme Court of the United States, Order regarding amendments to the Federal Rules of Civil Procedure (Apr. 29, 2015).

Under the amended rules, allegations in all civil cases are subject to the pleading standards established by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). In particular, to survive a motion to dismiss under Rule 12(b)(6), a party must allege enough facts in its pleading to make it plausible—not merely possible or conceivable—that it is entitled to the relief it seeks. *See Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a plaintiff has not shown that it is entitled to relief. *Iqbal*, 556 U.S. at 679.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice [to state a plausible claim for relief].") (citing *Twombly*, 550 U.S. at 555). Indeed, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. In parsing out which facts the Court will assume to be true for purposes of deciding a motion to dismiss, it should

exclude mere "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rios v. City of Del Rio, Tex.*, 444 F.3d. 417, 421, (5th Cir. 2006) (internal quotations & citations omitted).

Also, in deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may consider "material which is properly submitted as part of the complaint." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court may also consider documents not physically attached to the complaint so long as their authenticity is not contested and the complaint relies on them. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Finally, the court "may take judicial notice of 'matters of public record." *Id.* at 688–89 (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991)). Because the court may consider these materials, it need not accept as true allegations "contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1363 (3d ed. 2004).

Finally, Rule 12(f) provides that "upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

## III. CANNARELLA'S FALSE ADVERTISING CLAIM SHOULD BE DISMISSED

To state a claim for false advertising under the Lanham Act, a plaintiff must allege: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the

purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); *see also Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012); *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir. 2008). As explained below, Cannarella has not and cannot allege a claim for false advertising.

### A. Cannarella Has Failed to Allege A False Statement Of Fact In A Commercial Advertisement About Defendants' Own Or Another's Product

Cannarella has not and cannot identify any actual statements in the Volvo commercial describing the "nature, characteristics, [or] qualities" *of products that have actually been sold or offered for sale* – which is a requirement to a false advertising claim. 15 U.S.C. § 1125(a). Cannarella's false advertising claim is fatally flawed because the energy generation system that Cannarella takes issue with has never been sold by any of the parties. In fact, the Volvo commercial makes clear that that the energy generation system is "not available to the general public." (ECF 1, ¶ 23) (providing link to commercial, https://www.youtube.com/watch?v=c4x0w7juhtw) (annotated excerpt of commercial shown below).




Similarly, Cannarella, as a non-practicing entity, has never sold any similar clean energy device.

Cannarella's false advertising claim also is fatally flawed because the Volvo commercial is devoid of any statements or representations about the "nature, characteristics, [or] qualities" of the energy generation system. Contrary to Cannarella's conclusory Complaint, there are no representations in the Volvo commercial relating to the performance or reliability of the energy generation systems. This is not surprising because the point of the Volvo commercial was to advertise Volvo's CX90 automobile - not the energy generation system. The energy generation system was made and used for the sole purpose of serving as a single-use prop in the Volvo commercial.

Moreover, to the extent Cannarella's Complaint identifies any statements about the energy generation system made by Defendants, either in the Volvo commercial or other media, those statements are non-actionable under the Lanham Act. First, Cannarella takes issue with statements that Mr. Partington is the "innovation architect" or "inventor" of the energy generation system. (EFC 1, ¶¶ 39-40). Ninth Circuit case law, however, makes clear that statements relating to

inventorship are not actionable under the Lanham Act because inventorship is "not a nature, characteristic, or quality, as those terms are used in Section 43(a)(1)(B) of the Lanham Act." *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1308 (Fed. Cir. 2009) (citing *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d. 1137, 1144 (9th Cir. 2008).

Second, Cannarella takes issue with a statement made by Defendant Grey Global to a journalist and published in an independent, online article on www.adweek.com. (E.g., ECF 1, ¶ 62). Statements made to the media and published in a news articles, however, are not commercial speech, and are protected under the First Amendment. *Boule v. Hutton*, 328 F.3d 84, 91 (2d Cir. 2003); *see also id.* ("we have been careful not to permit overextension of the Lanham Act to intrude on First Amendment values"); *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 906 (9th Cir. 2002) ("If speech is not 'purely commercial'—that is, if it does more than propose a commercial transaction—then it is entitled to full First Amendment protection."). Here, because the challenged statements are inextricably intertwined with the reporters' coverage of a matter of public concern, *i.e.* the "stunt" (ECF 1 at Ex. G, p. 2) of using an energy generation device on a highway, they cannot constitute commercial speech actionable under the Lanham Act. *TYR Sport, Inc. v. Warnaco Swimwear, Inc.*, 709 F.Supp.2d 802, 818 (C.D. Cal. 2010); *see also Nat'l Servs. Grp. Inc. v. Painting and Decorating Contractors of Am., Inc.*, No. 06–563–CJC (ANX), 2006 WL 2035465, at *5 (C.D. Cal. July 18, 2006) ("Where particular speech includes commercially-motivated statements that are inextricably intertwined with otherwise fully protected speech, the entirety of the speech may be fully protected" (internal quotation marks omitted)).

Third, Cannarella takes issue with Defendants' statements that "Sometimes Stealing Can Be A Good Thing" (ECF 1, ¶ 43) and that they "Created A Technology To Power The Future" (ECF 1, ¶ 46). Those statements, however, are

non-actionable puffery.[1] "A statement is considered puffery if the claim is extremely unlikely to induce consumer reliance. Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim." *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (citing *Cook, Perkiss, & Liehe*,911 F.2d at 242). "The common theme that seems to run through cases concerning puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions." *Cook, Perkiss, & Liehe.*, 911 F.2d at 246. "[A] statement that is quantifiable, that makes a claim as to the specific or absolute characteristics of a product, may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery." *Newcal Indus.*, 513 F.3d at 1053 (internal citations and quotation marks omitted) (citing *Cook, Perkiss, & Liehe*, 911 at 245–46). "Puffing is exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely." *Southland Sod Farms*, 108 F.3d at 1145 (internal quotation marks omitted).

Here, the claims that "Sometimes Stealing Can Be A Good Thing" and that Defendants "Created A Technology To Power The Future" are the type of "exaggerated advertising" slogans upon which consumers would not reasonably rely. *See Southland Sod Farms*,108 F.3d at 1145 ("Less is More" claim was "precisely the type of generalized boasting upon which no reasonable buyer would rely"). There is no discernible way to measure whether "Sometimes Stealing Can Be A Good Thing" or that Defendants "Created A Technology To Power The Future." Those phrases are general and subjective statements that make no specific claim about the clean energy device. They are, therefore, non-actionable puffery.

---

[1] Whether a statement is non-actionable puffery is a legal question that can be resolved on a Rule 12(b)(6) motion. *See Cook, Perkiss, & Liehe. v. N. Cal. Collection Serv.*, 911 F.2d 242, 245 (9th Cir. 1990).

**B. Cannarella Fails To Allege Factual Allegations That Statements Made By Defendants Actually Deceived Or Had The Tendency To Deceive A Substantial Segment Of Its Audience**

Even assuming *arguendo* that Defendants made statements about the clean energy device that were actionable under the Lanham Act, which they did not, Cannarella has failed to set forth anything other than conclusory allegations and legal conclusions to support his contentions that such statements actually deceived, or had the tendency to deceive, a substantial segment of Volvo's audience. As explained above, the product advertised in the commercial is Volvo's CX90 automobile - <u>not</u> the energy generation system. Again, the commercial expressly states the clean energy generation prototype "is not available to the general public." (ECF 1, ¶ 23). Cannarella cannot show, much less allege, that a substantial segment of Volvo's audience has been or is likely to be deceived by statements about <u>*a product that has never been available to the public*</u>. Accordingly, Cannarella's false advertising claim is fatally flawed and should be dismissed.

**C. Cannarella Has Failed To Allege That He Has Been Or Is Likely To Be Injured As A Result Of Any Statement By Defendants**

Cannarella has failed to allege that he has been or is likely to be injured as a result of any false statements by Defendants, either by direct diversion of sales from himself to Defendants or by a lessening of the goodwill associated with his products. "[T]o assert a cause of action for false advertising, 'a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations.'" *Avalos v. IAC/lnteractivecorp*., No. 13-CV-8351(JMF), 2014 WL 5493242, at *4 (S.D.N.Y. Oct. 30, 2014) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 134 S. Ct. 1377, 1395 (2014)).

Here, neither the Defendants nor Cannarella have sold clean energy systems. Thus, Cannarella has not and cannot allege injury associated with: (1) a direct

diversion of sales from himself to Defendants; or (2) a lessening of the goodwill associated with his products. Simply put, *Cannarella cannot show an injury to a commercial interest caused by statements allegedly made about a clean energy system that nobody has sold or offered for sale*.

Also, even assuming *arguendo* that Cannarella has adequately alleged he has been or is likely to be injured, which he has not, Cannarella has failed to set forth sufficient factual allegations to establish a plausible causal connection between any harm that he suffered and Defendants' statements in the Volvo commercial. To establish proximate causation, a party asserting a false advertising claim must allege that it "suffered 'economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that occurs when deception of consumers causes them to withhold trade from the plaintiff.'" *Avalos*, 2014 WL 5493242, at *4 (quoting *Lexmark Int'l*, 134 S. Ct. at 395). In other words, Cannarella, at minimum, must allege Defendants' false statements encouraged consumers to purchase their product rather than Cannarella's. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825 (9th Cir. 2011). Cannarella cannot make any such allegations *because none of the Defendants have sold or offered for sale the energy generation system*.

## IV. CANNARELLA'S PATENT CLAIMS SHOULD BE DISMISSED

The Supreme Court has reiterated on multiple occasions that, to satisfy the pleading standard under the Federal Rules of Civil Procedure, a complaint must include more than a formulaic recitation of the elements of a claim. *See Twombly*, 550 U.S. at 555.[2] Here, Cannarella's patent infringement allegations fall far short

---

[2] Amendments to the Federal Rules of Civil Procedure that took effect on December 1, 2015 abrogated Rule 84, which provided that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate" and the Appendix of Forms, including Form 18. Under the amended rules, allegations of direct patent infringement are subject to the pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to

of this pleading standard. As explained below, Cannarella's patent infringement allegations consists of boilerplate language, and is devoid of the factual content necessary to support the essential elements of any claim for relief under the patent laws.

For example, with respect to his contributory infringement claim, Cannarella's Complaint must contain factual allegations that Defendants: "sold products especially made for [the combination product's] infringing use; had knowledge of the infringing use; sold products with no substantial noninfringing use; <u>and</u> [the combination product] directly infringed." *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 476 (D. Del. 2012) (footnote and internal numbering omitted) (emphasis added). Cannarella's Complaint, however, is devoid of factual allegations sufficient to plead these elements. For example, the Complaint does not identify any particular infringing combination, who made it, where it was sold, or who else contributed to it. The Complaint is devoid of what Defendants knew about the alleged infringing combination, who knew it, when they learned it, or how they learned it. Nor does the Complaint contain any factual allegations about how any product allegedly forms a material part of the alleged invention. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067 (2011) ("[A] violator of 271(c) must know that the combination for which his component was especially designed was both patented and infringing.") (internal quotation marks omitted). The Complaint likewise does not plausibly allege that the energy generation system has no substantial non-infringing use.

---

demonstrate a "plausible claim for relief." The Supreme Court's Order accompanying the submission of the amendments to Congress stated that the amendments "shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Supreme Court of the United States, Order regarding amendments to the Federal Rules of Civil Procedure (Apr. 29, 2015).

"Where the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1338 (Fed. Cir. 2012).

Further, to support his claim for indirect infringement, Cannarella must plead facts which, taken as true, establish that Defendants had knowledge of the asserted patents. *See Global-Tech*, 131 S. Ct. at 2068. Cannarella's factual allegations that Defendants knew of the asserted patent prior to it being used as a single-use prop in the Volvo commercial, however, are essentially non-existent. Cannarella has pled no facts supporting any reasonable inference that any of the Defendants knew about the asserted patent prior to Cannarella contacting one or more Defendants via email in April 2016. (ECF 1, ¶ 24). Instead, Cannarella's indirect infringement claim consists only of conclusory allegations and legal conclusions. Accordingly, Cannarella's indirect infringement claim should be dismissed. *See, e.g., In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 695 F. Supp. 2d 680, 689 (S.D. Ohio 2010) (plaintiff failed to plead that defendants "knew their products to be especially made or adapted for infringing use."); *Mallinckrodt, Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354-55 (D. Del. 2009) (plaintiff did not sufficiently plead knowledge of the patent or intent to induce infringement); *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827, at *16 (D. Del. Mar. 16, 2011) (plaintiff "fail[ed] to allege sufficient facts" and instead "resort[ed] to *a mere recitation* of the elements for indirect infringement, which *is insufficient*") (emphasis added).

Similarly, Cannarella's direct infringement allegations are deficient. Cannarella's Complaint fails to include factual allegations showing how the energy generation system contains all of the elements of any identified claim, which is a requirement for patent infringement. Cannarella has made no attempt to relate

factual assertions to any claims in the asserted patent. Instead, the Complaint merely states that the energy generation device "fall[s] within the scope of one or more claims" of the asserted patent. (ECF, ¶ 23). A loose statement that an accused product "fall[s] within the scope of one or more claims" of a patent is not the same as factual allegations explaining how the products embody or practice each and every element of any one of the asserted claims. The ambiguous wording in Cannarella's Complaint is not sufficient to assert a patent infringement claim. *See Lyda v. CBS Corporation*, Case No. 2015-1923, (Sept. 30, 2016 Fed. Cir.) (determining that a patent infringement complaint must provide factual allegations describing how each element of the asserted claim is allegedly infringed in order to avoid dismissal on the pleadings); *RainDance Techs. Inc. v. 10x Genomics, Inc.*, No. 15-cv-00152, Dkt. 28 (D. Del. Mar. 4, 2016) (pleading failed to provide factual allegations tying each asserted claim limitation to the accused products).

Essentially, Cannarella has echoed the statutory language and the requirements of the now-abrogated Form 18. Simply put, Cannarella's formulaic recitation of the elements of direct infringement fails to meet the pleadings standard established by *Twombly* and *Iqbal*.

In sum, Cannarella's Complaint contains only the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that the Supreme Court has held "do not suffice." *Iqbal*, 556 U.S. at 678. The Supreme Court has instructed that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *id.* at 678-79 – precisely what Cannarella seeks to do here. The Court should therefore dismiss Cannarella's patent infringement claims in their entirety.

## V. **THE COURT SHOULD DISMISS CANNARELLA'S UNFAIR COMPETITION AND UNJUST ENRICHMENT CLAIMS**

The Court should dismiss Cannarella's common law unfair competition claim for the same reasons stated above regarding the Lanham Act claims. "The

Ninth Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir.1994); *see also Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 875 (9th Cir. 2002) (plaintiff's "California unfair competition claim fails because its related Lanham Act claims fail"); *Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152–53 (9th Cir. 1996), *abrogated on other grounds* (dismissal of plaintiff's § 17200 and § 17500 claims were proper since plaintiff's Lanham Act claim was properly dismissed); *see also Cosmos Jewelry, Ltd. v. Po Sun Hon Co.*, No. 06–56338, 2009 WL 766517, at *2 (9th Cir. Mar. 24, 2009) ("Because we affirm the finding of trademark infringement, we also affirm the finding of unfair competition"). Here, Cannarella's false advertising claim under the Lanham Act fails for the reasons stated above. For those same reasons, the Court should dismiss Cannarella's unfair competition claim. *See, e.g., id.*

The Court also should dismiss Cannarella's common law unjust enrichment claim for several reasons. First, the unjust enrichment claim should be dismissed because it is preempted by federal patent law. Cannarella's unjust enrichment claim, while vaguely pleaded, seeks a remedy for Defendants' alleged "misappropriation of the" asserted patent. (ECF 1, ¶ 69-70). In other words, Cannarella is seeking damages for making and using the alleged invention. This is squarely within the province of patent law. As a result, federal patent law preempts Cannarella's unjust enrichment claim. *See Ultra-Precision Manufacturing, Ltd. v. Ford Motor Co.*, 411 F.3d. 1369 (Fed Cir. 2005) (determining federal patent law preempted unjust enrichment claims). Second, Cannarella's unjust enrichment claim appears to seek the same remedy as his false advertising claim. Here, Cannarella's false advertising claim fails for the reasons

stated above. The Court should dismiss Cannarella's unfair competition claim for those same reasons.

## VI. THE COURT SHOULD STRIKE THE PORTIONS OF CANNARELLA'S COMPLAINT RELATING TO SETTLEMENT DISCUSSIONS

In the event the Court denies all or a portion of Defendants' Motion to Dismiss, the Defendants respectfully request the Court to strike Paragraphs 24-32 of Cannarella's Complaint relating to the parties' settlement discussions. Federal Rule of Civil Procedure 12(f) provides that "upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Here, Paragraphs 24-32 include details regarding the parties' communications to settle the case. Including these allegations in the Complaint is a violation of the rules and policies protecting the confidentiality of settlement discussions and therefore they should be stricken. The law is clear that offers of compromise or settlement are inadmissible under the Federal Rules of Evidence. *See* Fed. R. Evid. 408 ("Evidence of (1) furnishing or offering or promising to furnish . . . a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability. . . .").

Accordingly, courts routinely strike settlement discussions from complaints pursuant to Fed. R. Civ. P. 12(f) because they are "immaterial and potentially prejudicial." *The Steak Umm Company, LLC v. Steak' Em, Inc.*, Case No. 09-2857, 2009 U.S. Dist. LEXIS 101357, at *5 (Oct. 29, 2009 E.D. Pa.) ("Allegations of the content of settlement discussions will be stricken from the complaint where such allegations are 'impertinent to any defense', *Kibbie v. BPCitibank*, 2009 WL 2950365 at *8, (M.D. Pa. 2009) or 'immaterial to state [the] cause of action.'" *Defazio v. River City Brass Band, Inc.*, 2007 WL 3072257 at *2 (W.D. Pa. 2007);

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39-40 (S.D.N.Y. 1992); *see also Austin v. Cornell Univ.*, 891 F. Supp. 740, 750 (N.D.N.Y. 1995) (excluding summary of settlement discussions in Complaint); *see also Braman v. Woodfield Gardens Associates*, 715 F. Supp. 226, 230 (N.D. Ill. 1989) (same).

## VII. CONCLUSION

For at least the reasons discussed above, Defendants respectfully request the Court to dismiss Cannarella's Complaint in its entirety. Alternatively, Defendants request the Court to strike Paragraphs 24-32 of Cannarella's Complaint relating to the parties' settlement discussions

DATED: October 11, 2016

BANNER & WITCOFF, LTD.

By: */s/ Jason S. Shull*
Jason S. Shull (*pro hac vice*)

STRADLING YOCCA
CARLSON & RAUTH, P.C.
Jason de Bretteville
Justin Klaeb

Attorneys for Defendants
VOLVO CAR USA, LLC,
GREY GLOBAL GROUP, INC.,
THE BIG PICTURE
COMPANY, 1ST AVENUE
MACHINE USA, INC.,
SCPS UNLIMITED, LLC, and
BOB PARTINGTON

DAVIS & GILBERT LLP
Howard J. Rubin (*pro hac vice*)
Marc J. Rachman (*pro hac vice*)
Devin A. Kothari (*pro hac vice*)

Attorneys for Defendants
VOLVO CAR USA LLC and
GREY GLOBAL GROUP, INC.

# CERTIFICATE OF SERVICE

I certify that on October 11, 2016 the foregoing documents:

1. **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM IN SUPPORT THEREOF**
2. **[PROPOSED] ORDER**

were served on all parties or their counsel of record through the CM/ECF system.

DATED: October 11, 2016 By: *_/s/ Jason S. Shull_*
Jason S. Shull